IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONOVAN SCHILLING,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER MICHAEL DOHERTY<br>in his individual capacity,<br>and<br>OFFICER TERRANCE EPPS,<br>in his individual capacity<br><br>Defendants. | CIVIL CASE NO.: |

**COMPLAINT FOR DAMAGES**

COMES NOW Donovan Schilling, a Plaintiff in the above styled action and files this his Complaint for Damages.

This is a civil rights action under 42 U.S.C. § 1983, the First, Fourth and Fourteenth Amendments to the United States Constitution and Georgia law. Donovan Schilling ("the Plaintiff") alleges that he was illegally and unconstitutionally detained and arrested by Defendants Officer Michael Doherty of

1

the City of Atlanta Police Department, and Terrance Epps, and maliciously prosecuted in violation of the Fourth Amendment of the United States Constitution and Georgia law. Plaintiff also alleges that he was arrested and prosecuted in retaliation for the exercise of his First Amendment rights.

## PARTIES

1.

Plaintiff Donovan Schilling is a resident of the State of Georgia, United States citizen, and over the age of eighteen.

2.

Defendant Michael Doherty is an Officer employed by the City of Atlanta Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Michael Doherty may be served at this address. At all times relevant to this lawsuit, Defendant Michael Doherty acted under the color of law. Defendant Michael Doherty is sued in his individual capacity.

3.

Defendant Terrance Epps is an Officer employed by the City of Atlanta

Police Department. The headquarters of the City of Atlanta Police Department are located at 226 Peachtree St SW, Atlanta GA 30303 in Fulton County, Georgia. Defendant Terrance Epps may be served at this address. At all times relevant to this lawsuit, Defendant Terrance Epps acted under the color of law. Defendant Terrance Epps is sued in his individual capacity.

4.

All defendants reside in the Northern District of Georgia.

## JURISDICTION AND VENUE

5.

This case presents a federal question and this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

6.

Under 28 U.S.C. §§ 1331 and 1343(a)(3)&(4), the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution, and the Court has jurisdiction under 28 U.S.C. § 1367 to hear an action to redress a deprivation of rights guaranteed by the laws and the Constitution of the State of Georgia.

7.

This Court has personal jurisdiction of the Defendants under 28 U.S.C. § 1367 and GA. CONST., art. I, § 1, ¶¶ V, XIII.

8.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) because all actions complained of occurred within the boundaries of this judicial district and Defendants reside within this district.

9.

All of the parties herein are subject to the jurisdiction of this Court.

10.

Attorney's fees are authorized under 42 U.S.C. § 1988.

**FACTUAL ALLEGATIONS**

11.

On September 23, 2020 a protest was taking place at or about Washington Street in Atlanta.

12.

Defendant Officer Michael Doherty assisted a supervising Officer Terrance Epps in arresting Plaintiff Donovan Schilling.

13.

Plaintiff Schilling was not doing anything illegal at the time of his arrest and was arrested on the sidewalk. During the course if his arrest Mr. Schilling was completely compliant and not resisting.

14.

The Plaintiff was arrested because he was a part of a protest group and not because he violated any laws. More specifically Plaintiff was arrested because of his exercise of First Amendment rights by way of expressing his views regarding Breonna Taylor matter, an issue of national magnitude and importance, and engaging in a peaceful protest to express those views. The Plaintiff was not violating any laws at the time of his arrest.

15.

During the course of his arrest Plaintiff received injuries. Plaintiff was ultimately transported to City of Atlanta Jail and released in the morning hours of September 24, 2020. Plaintiff was charged with the State Law Violation of OCGA

Sec. 40-6-96 (Pedestrian Walking in Roadway).

16.

On May 11, 2021 the case against Plaintiff in the Municipal Court of Atlanta was dismissed upon the City's motion of nolle prosequi.

**COUNT I**
**42 U.S.C. § 1983: Unlawful Seizure in violation of the Fourth Amendment**
**(As to Defendants Doherty, and Epps)**

17.

Paragraphs 1 through 16 are hereby re-alleged as if fully pled herein.

18.

The conduct of Defendants Doherty and Epps in causing and procuring the arrest and detention of Plaintiff without arguable probable cause constituted an unreasonable seizure of his person in violation of the Fourth Amendment.

19.

The law being clearly established in 2020 that an officer of the state cannot cause someone to be arrested and prosecuted without arguable probable cause, Defendants are not entitled to qualified immunity.

## COUNT II
## 42 U.S.C. § 1983: Malicious Prosecution in violation of the Fourth Amendment
### (As to Defendants Doherty, and Epps)

20.

Paragraphs 1 through 19 are hereby re-alleged as if fully pled herein.

21.

Defendants Doherty, and Epps caused a criminal prosecution to be initiated against Plaintiff for the offense of pedestrian walking in roadway.

22.

Defendants Doherty, and Epps not only caused the prosecution to be initiated, and arrest to be executed, but they caused the prosecution to continue based on their arrest warrant affidavit and police report such that Mr. Schilling had to endure a criminal case which ultimately terminated in his favor.

23.

Defendants knew that there was no probable cause to support the charges against Plaintiff, but they persisted in initiating, participating in, and assisting with that prosecution despite the complete lack of probable cause.

24.

Said prosecution was based upon statements by Defendants that were either knowingly false or made with reckless disregard for the truth.

25.

Accordingly, said prosecution was carried on maliciously and without probable cause, and it was ultimately terminated in Plaintiff's favor.

26.

The law being clearly established in 2020 that an officer of the state cannot knowingly make false statements in order to cause someone to be prosecuted for an offense that is not supported by probable cause, Defendants are not entitled to qualified immunity.

**COUNT III**
**O.C.G.A. § 51-7-40: Malicious Prosecution**
**(As to Defendants Doherty, and Epps)**

27.

Paragraphs 1 through 26 are hereby re-alleged as if fully pled herein.

28.

Officers Doherty and Epps initiated a criminal prosecution against Mr.

Schilling for a misdemeanor offense, and they knew or should have known that no arguable probable cause existed to believe that Mr. Schilling had violated those laws or committed any crime recognized by law.

29.

Officers Doherty and Epps initiated and maintained the arrest and prosecution of Mr. Schilling with malice, as interpreted under Georgia law.

30.

This criminal prosecution terminated favorably for Mr. Schilling.

31.

As a result of the arrest and prosecution, Mr. Schilling has suffered physical, emotional, mental and financial injury, entitling him to recover nominal, compensatory and punitive damages against Defendant Officers Doherty and Epps for the loss of his rights under this claim, in an amount to be determined by the enlightened conscience of the jury.

## COUNT IV
## 42 U.S.C. § 1983: First Amendment Retaliation in violation of the First Amendment
### (As to Defendants Doherty, and Epps)

32.

Paragraphs 1 through 31 are hereby re-alleged as if fully pled herein.

33.

Defendants deliberately initiated and or caused arrest and prosecution against this Plaintiff because Plaintiff exercised his rights to free speech and participated in a protest. Mr. Schilling was targeted for arrest because he was part of a protest. Plaintiff Schilling would not have been arrested but for his exercise of his First amendment rights.

34.

Defendants' actions were meant to punish the Plaintiff for his exercise of his First Amendment rights and to prevent him from further speaking and continuing to protest by abruptly cutting him off and arresting him.

35.

The intentional actions of Defendants in falsely accusing Plaintiff of a misdemeanor crime interfered with Plaintiff's right of freedom of speech and

expression in violation of the First Amendment to the US Constitution.

36.

The law being clearly established in 2020 that an officer of the state cannot make false statements or make an arrest to retaliate against a person for their exercise of freedom of speech, Defendants are not entitled to qualified immunity.

37.

Mr. Schilling alleges that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech or expression had not been arrested.

38.

Mr. Schilling alleges that no person has been arrested for being a Pedestrian Obstructing Traffic (jaywalking) when they were not engaged in the type of protected speech Mr. Schilling was engaged in.

39.

Had Mr. Schilling not been protesting Officers Doherty and Epps would not have arrested him. This is evidenced by the common knowledge that officers

typically exercise their discretion not to arrest in cases of jaywalking even when probable cause is present. Mr. Schilling asks that the Court take judicial notice of same or allow Mr. Schilling to gather evidence of such typical exercise of discretion during discovery. Mr. Schilling alleges that Officers Doherty and Epps had no arguable probable cause to arrest him for any crime and nothing in this complaint should be construed as an admission or allegation that arguable probable cause existed for any crime.

## DAMAGES

40.

Paragraphs 1 through 39 are hereby re-alleged as if fully pled herein.

41.

As a direct and proximate result of the above described conduct of Defendants, Plaintiff was unreasonably and unlawfully arrested and prosecuted without probable cause and as a retaliation for exercising his First Amendment rights, was imprisoned and deprived of his liberty, was subjected to physical restraint, confinement, and mental suffering and emotional distress that is expected to continue into the future, and was forced to incur other economic and non-

economic losses for which Defendants are liable to Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

42.

The aforementioned misconduct of Defendants rose to such a level of bad faith, willfulness, and reckless disregard as to authorize the imposition of punitive damages against each one of them.

43.

Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. §1988.

**WHEREFORE**, Plaintiff demands the following:

a) That this action be tried by a jury;

b) That judgment be entered in favor of Plaintiff and against each Defendant for nominal, special, compensatory and punitive damages for each violation of the Plaintiff's constitutional rights in an amount to be determined by the enlightened conscience of fair and impartial jurors;

c) That Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

e) That all costs of this action be taxed against Defendants; and

f) That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted this 19th day of September 2022.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange, Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com

/s/ Roberta A. Robinson
Roberta A. Robinson
GA Bar No: 802180

The Law Office of Roberta A. Robinson, LLC
401 Ridley Ave.
LaGrange, GA 30240
Phone: 706.668.6360
Fax: 706. 252.8111
E-mail: attorneyrobinson@rr-law.net